■ In the Matter of MICHAEL ZAMBETTI, Petitioner, v BOARD OF ELECTRICAL EXAMINERS OF THE COUNTY OF ROCKLAND et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of respondent Electrical Board of Appeals, dated November 18, 1986, which affirmed a determination of the Board of Electrical Examiners, after a hearing, that the petitioner did not possess the requisite qualifications to sit for the master electrician's examination.

Adjudged that the determination of the Electrical Board of Appeals is confirmed and the proceeding is dismissed on the merits, with costs.

At the time of his current application to take the master electrician's examination, the petitioner had worked since 1976 as a plant maintenance electrician. From time to time he performed outside jobs involving wiring in residences, either on his own or under the supervision of a master electrician. He attended the Bergen County Vocational Technical Schools and had obtained a certificate indicating that he had completed a four-year apprenticeship as a plant maintenance electrician with his employer, Minigrip Inc. The application requirements for the Rockland County master electrician's license contemplate either experience "as an electrician who has worked at least seven and one-half (7½) years with his tools for the Public at Large on the installation, alteration and repair of wiring and appliances for light, heat and power in or on buildings", or alternatively, a combination of experience and education. The experience requirement consistently stresses the words "for the Public at Large" with respect to the work performed.

At his hearing on the appeal of the denial of his application by the Board of Electrical Examiners, the petitioner did not produce evidence demonstrating that he possessed the requisite experience working "for the Public at Large."

The function of the Appellate Division in reviewing the determination of an administrative agency made after a hearing is to ascertain whether the determination is supported by substantial evidence in the record *(see,* CPLR 7803 [4]; *People ex rel. Vega v Smith,* 66 NY2d 130, 139; *300 Gramatan Ave.*

*Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Substantial evidence is " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " *(People ex rel. Vega v Smith, supra,* at 139, quoting from *300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 180).

At bar, substantial evidence indicated that the petitioner did not possess the requisite experience working "for the Public at Large", as contemplated by Board of Electrical Examiners, and the determination of the Electrical Board of Appeals should therefore be confirmed. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.